UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>NORTON, et al.,<br><br>　　　　Defendants | Civ. No. 05-01573 (ESH)<br><br>FEDERAL DEFENDANTS' MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO ALTER OR AMEND THE JUDGMENT |

　　　　Federal Defendants respectfully move the Court, pursuant to Rule 60(a), to clarify the Court's September 13, 2005 Order [Docket Entry 12] ("Order") or, in the alternative, to alter or amend the Court's Order pursuant to Rule 59(e) for the reasons set forth in the Memorandum in Support of Federal Defendants' Motion for Clarification. Plaintiffs have indicated that they will oppose this motion.

Dated: September 27, 2005　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　KELLY JOHNSON, Acting Asst. Attorney General
　　　　　　　　　　　　　　　　JEAN E. WILLIAMS, Section Chief


　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　JIMMY A. RODRIGUEZ, Trial Attorney
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Environment & Natural Resources Division
　　　　　　　　　　　　　　　　Wildlife & Marine Resources Section
　　　　　　　　　　　　　　　　Ben Franklin Station, P.O. Box 7369
　　　　　　　　　　　　　　　　Washington, DC 20044-7369
　　　　　　　　　　　　　　　　Phone: (202) 305-0342/ Fax: (202) 305-0275
　　　　　　　　　　　　　　　　Email: Jimmy.Rodriguez@usdoj.gov

　　　　　　　　　　　　　　　　Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., )<br>)<br>       Plaintiffs, )<br>  v. )<br>)<br>NORTON, et al., )<br>)<br>       Defendants )<br>)<br>)<br>) | Civ. No. 05-01573 (ESH)<br><br>MEMORANDUM IN SUPPORT OF<br>FEDERAL DEFENDANTS' MOTION<br>FOR CLARIFICATION OR, IN THE<br>ALTERNATIVE, TO ALTER OR<br>AMEND THE JUDGMENT |

    Federal Defendants respectfully move the Court, pursuant to Rule 60(a), to clarify the Court's September 13, 2005 Order [Docket Entry 12] ("Order") or, in the alternative, to alter or amend the Court's Order pursuant to Rule 59(e).

    Through its September 13, 2005 Order, the Court enjoined "any activities authorized under the issuances of Permit No. 05-05 or Permit No. 05-03 A1 to occur." Order at 1. In response to the Court's Order, the United States Fish and Wildlife Service ("FWS") notified Michigan and Wisconsin Departments of Natural Resources ("DNR") that all activities being conducted pursuant to the subpermits were to be immediately halted. See Exhibit 1. With this motion, Defendants are not attempting to relitigate the case or to reargue any points that were already briefed by the parties. Rather, Defendants respectfully request that the Court make clear that although Michigan and Wisconsin DNRs may not rely on the enjoined subpermits to conduct any wolf management activities, they may utilize any separate authority -- authorities which were not challenged in this case -- to conduct nonlethal, wolf related, management activities.

1

**ARGUMENT**

Rule 60(a) of the Federal Rules of Civil Procedure provides that "(c)lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a); see also Howard Sober, Inc. v. I. C. C., 628 F.2d 36, 41 (D.C. Cir. 1980) (noting that "courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake"). Motions made pursuant 60(a) may be granted in order to "make an order reflect the actual intentions of the court, plus necessary implications." Jones & Guerro Co. v. Sealift Pacific, 650 F.2d 1072, 1074 (9th Cir. 1981). Alternatively, motions made pursuant to Fed. R. Civ. P. 59(e) may be granted if the Court "finds that there is an intervening change in controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." See Pearson v. Thompson, 141 F.Supp.2d 105, 107 (D.D.C. 2001) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); see also, National Ctr. for Mfg. Sciences v. Department of Defense, 199 F.3d 507, 511 (D.C. Cir. 2000) (requiring defendants to show "new facts or clear errors of law.").

With its September 13, 2005 Order, the Court enjoined all activities authorized by Subpermit Nos. 05-05 and 05-03 A1. However, in so doing, the Court may have enjoined activities that do not rely on the ongoing validity of the subpermits, because the enjoined subpermits authorized nonlethal activities (such as radio-collaring) that could be permitted under separate legal authorities such as cooperative agreements under Section 6 of the ESA.[1] Hence,

---

[1] Section 6 of the ESA authorizes the FWS to enter into cooperative agreements with "any State that establishes and maintains an adequate and active program for the conservation of endangered species . . . ." 16 U.S.C. § 1535 (c)(1). When a cooperative agreement is in place, a state may take endangered species covered by the cooperative agreement provided that "such

2

this issue of interpretation of the Court's Order stems from FWS having drafted overly broad subpermits.[2/]

In requesting that the Court clarify its injunction, Defendants are simply seeking to properly limit the application of the Court's Order to the regulatory mechanism that was before the Court -- that is, the Section 10 subpermits.  Separate authorities which exist independently of the subpermits should be immediately available to the states.  Indeed, Michigan and Wisconsin DNRs have long conducted nonlethal wolf management activities under legal authorities (such as cooperative agreements under Section 6 of the ESA) that are separate from the Section 10 subpermits challenged in this case.

To be clear, Federal Defendants do not contest the fact that Michigan and Wisconsin DNRs are prohibited from relying on the subpermits that were enjoined to perform any wolf management activities. But, because the subpermits issued to the states were overbroad and nonlethal activities such as radio collaring and wolf translocation can be authorized under legal authorities that are separate and apart from the subpermits at issue in this case, Federal Defendants respectfully request that the Court clarify its Order to make clear that the Court's injunction does not affect Michigan and Wisconsin DNRs' ability to exercise those separate legal authorities.

---

taking is not reasonably anticipated to result in: (i) [t]he death or permanent disabling of the specimen; (ii) [t]he removal of the specimen from the State where the taking occurred . . . ." 50 C.F.R. § 17.21(c)(5).

[2/] Federal Defendants acknowledge that this motion may be unnecessary because separate authorities such as ESA Section 6 were not before the Court and, consequently, not enjoined by the September 13, 2005 Order.  However, the Court's Order can be interpreted as enjoining all activities authorized by the permits regardless of other existing legal authorities.  In an abundance of caution, Federal Defendants have interpreted the Court's Order in this most restrictive way.  Thus, with this motion, Defendants request that it be made clear that separate, unchallenged authorities are unaffected by the Court's Order.

3

**CONCLUSION**

For the reasons above, Federal Defendants respectfully move this Court, pursuant to Rule 60(a) or, alternatively 59(e), of the Fed. R. Civ.P. to amend the Court's September 13, 2005 Order to make clear that the injunction does not affect separate legal authorities that were not before the Court.

Dated:  September 27, 2005            Respectfully Submitted,

                                              KELLY JOHNSON, Acting Asst. Attorney General
                                              JEAN E. WILLIAMS, Section Chief

                                              _____/s/_____
                                              JIMMY A. RODRIGUEZ, Trial Attorney
                                              U.S. Department of Justice
                                              Environment & Natural Resources Division
                                              Wildlife & Marine Resources Section
                                              Ben Franklin Station, P.O. Box 7369
                                              Washington, DC 20044-7369
                                              Phone: (202) 305-0342/ Fax: (202) 305-0275
                                              Email: Jimmy.Rodriguez@usdoj.gov

                                              Attorneys for Federal Defendants

Of Counsel:
Tony Sullins
Office of Solicitor
United States Department of the Interior