UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DEFENDERS OF WILDLIFE**, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1573 (ESH) |
| ) | |
| **GALE NORTON**, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises from defendants' issuance of two permits authorizing state officials to use both lethal and nonlethal measures to manage endangered wolves in Michigan and Wisconsin. As a result of defendants' failure to provide public notice and comment prior to issuing the permits-- a clear violation of the Endangered Species Act ("ESA"), 16 U.S.C. § 1539(c)-- the Court enjoined defendants from "permitting any activities authorized under the issuances of Permit No. 05-05 or Permit No. 05-03 A1 to occur." *Defenders of Wildlife v. Norton*, No. 05-1573, Order at 1 (D.D.C. Sept. 13, 2005) [#12].[1] Defendants have moved, pursuant to Fed. R. Civ. P. 60(a), for clarification of this Order or, in the alternative, to alter or amend the Order pursuant to Fed. R. Civ. P. 59(e). Specifically, defendants request that "the Court make clear that although Michigan and Wisconsin [Departments of Natural Resources] may not rely on the enjoined subpermits to conduct any wolf management activities, they may utilize any separate authority -- authorities which were not challenged in this case -- to conduct

---

[1] This language appeared in plaintiffs' Proposed Order Granting Preliminary Injunction attached to their Motion for a Preliminary Injunction [#5].

nonlethal, wolf related management activities." (Mot. at 1 (emphasis in original).)

It goes without saying that the Court did not rule on the lawfulness of any activities that might be undertaken pursuant to authorities not challenged in this case. *See generally Alabama v. Shelton*, 535 U.S. 654, 676 (2002) (where a "question is not the one before [the Court . . .,] the Court has no business offering an advisory opinion on its answer"); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (a "justiciable controversy is . . . distinguished from a difference or dispute of a hypothetical or abstract character"). (*See also* Mot. at 3 n.2 (acknowledging that "this motion may be unnecessary because separate authorities such as ESA Section 6 were not before the Court").) Likewise, as plaintiffs correctly point out (Opp'n at 7), the Court is in no position to say whether the states "may utilize" a separate authority to conduct wolf management activities. (Mot. at 1.) However, "to make the judgment speak the truth," *Paganis v. Blonstein*, 3 F.3d 1067, 1072 (7th Cir.1993), even if it may seem redundant, the Court will grant defendants' motion insofar as it will clarify that the injunction applies to all activities taken *pursuant to the unlawful permits*.[2] *See id.* (Rule 60(a) permits a court to clarify its judgment to express the court's original intent); *see Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) ("A district court may . . . invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent."). Again, the Court offers no opinion as to whether the wolf management activities covered by the permits in question would or would not be permissible under some other authority.

---

[2] This language should be acceptable to plaintiffs as it is drawn from their own prayer for relief. (*See* Am. Compl. ¶ 69 (requesting an "order enjoining Wisconsin DNR and Michigan DNR from taking any wolves pursuant to the permits issued under ESA Section 10(a)(1)(A)").)

For these reasons, it is hereby

**ORDERED** that defendant's motion for clarification is **GRANTED IN PART** insofar as the Court recognizes that its September 13, 2005 Order applies only to activities pursuant to the permits issued under ESA Section 10(a)(1)(A) (*i.e.*, Permit Nos. 05-05 and 05-03 A) and not to other activities that might be taken pursuant to some other authority; and it is

**FURTHER ORDERED** that defendant's motion to alter or amend judgment is **DENIED AS MOOT**.

                                                                          s/
                                             ELLEN SEGAL HUVELLE
                                             United States District Judge

Date: October 14, 2005