## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Defenders of Wildlife, American Lands
Alliance, Animal Protection Institute, Center
for Biological Diversity, Friends of Animals
and Their Environment ("FATE"), Help Our
Wolves Live ("HOWL"), The Humane Society
of the United States, Indigenous
Environmental Network, Klamath Forest
Alliance, Minnesota Wolf Alliance,
RESTORE: The North Woods, Sierra Club,
and the Wildlands Project,

      Plaintiffs,

v.

Gale Norton, Secretary of the Interior, United
States Department of the Interior, Matthew J.
Hogan, Acting Director of the United States
Fish and Wildlife Service, and United States
Fish and Wildlife Service,

      Defendants.

**Civ. File No: 1:05CV-01573-ESH**

## SUPPLEMENTAL AFFIDAVIT AND APPLICATION
## FOR PLAINTIFFS' FEES AND OTHER EXPENSES

STATE OF MINNESOTA    )
                    ) ss.
COUNTY OF HENNEPIN   )

    Elizabeth H. Schmiesing, being duly sworn, states:

    This is a supplement to the application for fees and other expenses submitted to the Court

on September 30, 2005 ("Original Fee Application"). Since September 30, 2005, the plaintiffs,

Defenders of Wildlife, American Lands Alliance, Animal Protection Institute, Center for

Biological Diversity, Friends of Animals and Their Environment ("FATE"), Help Our Wolves

Live ("HOWL"), The Humane Society of the United States, Indigenous Environmental Network,

Klamath Forest Alliance, Minnesota Wolf Alliance, RESTORE: The North Woods, Sierra Club,

and the Wildlands Project (collectively the "Plaintiffs") have incurred additional fees and other

expenses in connection with this action.  In particular, Plaintiffs have incurred fees and expenses

in preparing an opposition to Defendants' Motion for Clarification or, in the Alternative, to Alter

or Amend the Judgment ("Defendants' Motion").  Plaintiffs' Opposition to Defendants' Motion

was filed in this Court on October 11, 2005.  The Court granted in part and denied in part

Defendants' Motion on October 14, 2005.

## I.      EQUAL ACCESS TO JUSTICE ACT

The Equal Access to Justice Act, 28 U.S.C. § 2412(d), ("EAJA") provides that a

prevailing party may recover its fees and other expenses in an action against a federal agency:

> Except as otherwise specifically provided by statute, a court <u>shall</u> award to
> a prevailing party other than the United States fees and other expenses, in
> addition to any costs awarded pursuant to subsection (a), incurred by that
> party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the
> United States in any court having jurisdiction of that action, unless the
> court finds that the position of the United States was substantially justified
> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d) (emphasis added).

The Supreme Court has held that "only one threshold determination for the entire civil

action is to be made" regarding Plaintiffs' eligibility for recovering fees and expenses under

EAJA.  <u>See</u> <u>I.N.S. v. Jean</u>, 496 U.S. 154, 159 (1990).  In other words, a "single finding that the

Government's position lack substantial justification, like the determination that a claimant is a

'prevailing party,' thus operates as a one-time threshold for fee eligibility."  <u>Id.</u> at 160.

As discussed in the Original Fee Application, Plaintiffs have satisfied the requirements

for recovering fees and other expenses incurred in connection with this litigation.  <u>See</u> Original

Fee Petition at 5-7.  First, Plaintiffs prevailed on the merits of their claim and the Court issued a permanent injunction prohibiting any further activities under the unlawfully-issued permits. Second, Defendants' issuance of permits to Michigan and Wisconsin pursuant to ESA Section 10(a)(1)(A) without first complying with the public notice and comment requirements was not substantially justified, as evidenced by Defendants' concession in their response to the preliminary injunction motion that Plaintiffs were likely to succeed on the merits of their claim.

Because Plaintiffs have demonstrated their eligibility for a fee award as set forth in the Original Fee Application, the award of fees and expenses incurred in preparing Plaintiffs' Opposition to Defendants' Motion and this supplemental fee application is also proper.  Indeed, the Supreme Court has clearly stated that "absent underreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."  Id. at 161 (emphasis added).

There is no "unreasonably dilatory conduct" that would render inappropriate an award of fees for time spent preparing an opposition to Defendants' Motion.  Defendants generated the need for additional work by filing an unnecessary post-judgment motion that advanced a new legal theory for authority to take wolves in Michigan and Wisconsin and that requested an amendment of the judgment.  Plaintiffs would not have had to incur the time and expenses for preparing an opposition but for the Defendant's Motion.

Plaintiffs opposed Defendant's Motion, not because Plaintiffs contended that the September 13, 2005 Order extended beyond an injunction of the unlawfully issued permits, but because Defendants' Motion was based on a newly advanced and incorrect legal theory that Michigan and Wisconsin could take wolves pursuant to state cooperative agreements entered into

under ESA Section 6(c), 16 U.S.C. § 1535(c). By opposing the Defendants' Motion, Plaintiffs were successful in protecting the scope and force of the Court's September 13, 2005 Order. Indeed, despite the fact that the Defendants' Motion was granted in part and denied in part, the Defendants' Motion accomplished little other than the Court restating what was evident from the face of the injunction – independent authority, if any, to take wolves was not enjoined by the Court's September 13, 2005 Order. The substantive aspects of the Defendants' Motion, which included the implicit request that the Court sanction the Defendants' theory of independent legal authority and the request to alter or amend the judgment, were rejected in the Court's October 14, 2005 Order. Given that Plaintiffs were successful in protecting from alteration the relief granted by the September 13, 2005 Order, and given that the Court rejected or declined to address the substantive aspects of the Defendants' Motion, Plaintiffs' opposition to Defendants' Motion cannot be said to be "unreasonably dilatory conduct."

## II.    COMPUTATION OF FEES AND OTHER EXPENSES

Because the Plaintiffs' opposition to Defendants' Motion was reasonable, and because Plaintiffs succeeded in protecting the September 13, 2005 Order from any substantive alteration, Plaintiffs are entitled to the supplemental fees and other expenses set forth in this application. The term "fees and other expenses" is defined in the EAJA as follows:

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . .

28 U.S.C. § 2412(d)(2)(A).

### A.    Attorneys Fees

Recovery at EAJA rates, with a cost of living adjustment, is sought for the time spent opposing the Defendants' Motion and preparing this supplemental fee application. See Original

Fee Application at 8. As set forth in the Original Fee Application, the statutory cap for attorneys' fees under the EAJA, adjusted for cost of living, is $156 per hour. See 28 U.S.C. § 2412(d)(2) (setting statutory cap at $125 per hour in March 1996); Wilkett v. I.C.C., 844 F.2d 867, 874 and n.3 (D.C. Cir. 1988) (recognizing that "section 2412(d)(2)(A) explicitly permits adjustments to the cap to compensate attorneys for 'increases in the cost of living'"). See also Original Fee Application at 8-12. The following is Faegre & Benson's properly-chargeable time incurred by attorneys and paralegals in preparing an opposition to Defendants' Motion and this supplemental fee application. In assessing the number of hours expended on the litigation, I have ensured that the time claimed is not excessive, redundant, or otherwise unnecessary.

Brian B. O'Neill (partner) – strategy:

2.00 hours at $ 156 per hour = $ 312.00

Richard A. Duncan (partner) – editing:

0.30 hours at $ 156 per hour = $ 46.80

Elizabeth H. Schmiesing (partner) – supervising, editing:

2.50 hours at $ 156 per hour = $ 390.00

Sanne Knudsen (associate) – research, drafting:

41.30 hours at $ 156 per hour = $ 6,442.80

TOTAL FAEGRE & BENSON, LLP ATTORNEY & STAFF FEES: $ 7,191.60

**B.      Other Expenses**

As set forth in the Original Fee Application, EAJA allows for recovery of certain out-of-pocket expenses, including reasonable copying costs and filing fees. The costs itemized below were incurred in this case, are ordinarily charged to Faegre & Benson's clients, and therefore, are

recoverable here. These are costs incurred for the preparation of Plaintiffs' Opposition to Defendants' Motion and this supplemental fee application:

| | | | |
|---|---|---|---|
| Copying/binding | | $ | 26.10 |
| Telephone/facsimile | + | $ | .42 |
| Federal Express | | $ | 23.53 |

TOTAL COSTS: $ **50.05**

## Application

In addition to the attorneys fees and costs sought pursuant to the Original Fee Application in the amount of $ 52,633.98, I hereby seek $7,241.65 in fees and costs for the preparation of Plaintiffs' Opposition to Defendants' Motion and this supplemental fee application. While Plaintiffs reserve their right to further supplement the fee application if necessary, the total attorneys fees and costs sought to date under the Original Fee Application and this supplement is therefore $59,875.63.

/s _____
Elizabeth H. Schmiesing, MN # 229258
**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Subscribed and sworn to before me
this 9th day of November, 2005.

Megan T. Malik _____
Notary Public Minnesota

My Commission Expires January 31, 2010.

# TAB 1

# TIME ENTRIES

### TIME FOR BRIAN O'NEILL

| Date | Hours | Services |
|------|-------|----------|
|  |  |  |
| 9/30/05 | 2.00 | Review post-judgment pleadings |
|  |  |  |
| **Total** | **2.00** |  |

### TIME FOR RICHARD A. DUNCAN

| Date | Hours | Services |
|------|-------|----------|
|  |  |  |
| 10/10/05 | .30 | Review and edit memo in opposition to Fish and Wildlife Service Rule 59 and 60 motion |
|  |  |  |
| **Total** | **.30** |  |

### TIME FOR ELIZABETH SCHMIESING

| Date | Hours | Services |
|------|-------|----------|
|  |  |  |
| 9/30/05 | .60 | Conference with S. Knudsen regarding response to motion for clarification |
|  |  |  |
| 10/06/05 | .80 | Review response to defendants' motion for clarification |
|  |  |  |
| 10/07/05 | .20 | Conference with S. Knudsen regarding issues regarding response |
|  |  |  |
| 10/10/05 | .70 | Review response; conference with S. Knudsen regarding same |
|  |  |  |
| 10/14/05 | .10 | Review decision regarding motion for clarification |
|  |  |  |
| 10/17/05 | .10 | Review S. Knudsen communication regarding decision |
|  |  |  |
| **Total** | **2.50** |  |

## TIME FOR SANNE KNUDSEN

| Date | Hours | Services |
|------|-------|----------|
| 9/30/05 | 4.00 | Research for opposition to defendant's motion to clarify |
| 10/02/05 | 2.00 | Draft opposition to government motion for clarification |
| 10/04/05 | 2.00 | Draft opposition to government motion for clarification |
| 10/05/05 | 9.00 | Draft opposition to government motion for clarification |
| 10/06/05 | 4.70 | Draft, edit, and circulate for review opposition to motion to clarify |
| 10/07/05 | 6.60 | Revise opposition to motion for clarification and circulate to clients; discuss comments to draft with J. Rylander and J. Lovvorn; discuss comments with R. Duncan and E. Schmiesing |
| 10/10/05 | 3.50 | Revise opposition to government motion for clarification; respond to e-mails regarding comments regarding same; discuss comments regarding same with E. Schmiesing and make changes accordingly |
| 10/14/05 | .10 | Review court order clarifying injunction |
| 10/17/05 | .10 | Circulate to clients Judge Huvelle's order regarding motion for clarification |
| 10/18/05 | .70 | Research standards for filing supplemental fee petition under DC local rules and DC cases |
| 10/19/05 | 4.00 | Research standards for supplementing fee petition; research ability to recover fees for response to government motion for clarification |
| 10/25/05 | 4.60 | Draft supplemental fee petition |
| **Total** | **41.30** | |

**Estimated Faegre and Benson Total: 46.10**

M1:1257326.01