**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Defenders of Wildlife, American Lands Alliance, Animal Protection Institute, Center for Biological Diversity, Friends of Animals and Their Environment ("FATE"), Help Our Wolves Live ("HOWL"), The Humane Society of the United States, Indigenous Environmental Network, Klamath Forest Alliance, Minnesota Wolf Alliance, RESTORE: The North Woods, Sierra Club, and the Wildlands Project,

      Plaintiffs,

v.

Gale Norton, Secretary of the Interior, United States Department of the Interior, Matthew J. Hogan, Acting Director of the United States Fish and Wildlife Service, and United States Fish and Wildlife Service,

      Defendants.

Civ. File No: 1:05CV-01573-ESH

**[PROPOSED] ORDER**

Upon consideration of the Affidavit and Application for Plaintiffs' Fees and Other Expenses, Plaintiffs' Motion for Leave to File a Supplemental Affidavit and Application for Plaintiffs Fees and Other Expenses and the accompanying supplemental application, as well as the Defendants' responsive pleadings and all of the files, records and proceedings herein,

The Court concludes that:

1.  Plaintiffs, excluding the Sierra Club, satisfy the "party" requirements set forth under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). See 28 U.S.C. § 2412(d)(2)(B). Because the Sierra Club is one of thirteen plaintiff organizations, counsel for Plaintiffs would

have had to undertake the same research, drafting, and other litigation efforts regardless of the Sierra Club's participation. The Sierra Club's ineligibility for "party" status therefore does not affect the fees awarded to Plaintiffs in this case. See Taucher v. Rainer, 292 F. Supp. 2d 111, 120-21 (D.D.C. 2003) (rejecting the argument that a fee award must be apportioned upon showing the existence of an ineligible party, accepting instead that the relevant question is whether the action of the eligible plaintiffs and their counsel was necessary and reasonable to the success of the litigation), reversed on other grounds, 396 F.3d 1168 (D.C. Cir. 2005).

2. Plaintiffs prevailed on the merits of their claim. On September 13, 2005, the Court issued a permanent injunction enjoining the further taking of any wolves pursuant to permits unlawfully issued by Defendants to Michigan and Wisconsin.

3. Defendants' position in this litigation was not substantially justified. As stated in the Court's September 13, 2005, Order, Defendants issued permits to Michigan and Wisconsin pursuant to Section 10(a)(1)(A) of the Endangered Species Act, 16 U.S.C. § 1539(a)(1)(A), in blatant violation of unambiguous public notice and comment requirements. Defendants made no attempt to justify the legality of its position, as demonstrated by the Defendants' concession in their response to the preliminary injunction motion that Plaintiffs were likely to succeed on the merits of their claim.

4. In their supplemental fee application, Plaintiffs seek fees and expenses incurred in opposing Defendants' Motion for Clarification or, in the Alternative, to Alter or Amend the Judgment ("Defendants' Motion"). Plaintiffs also seek fees incurred in the preparation of their supplemental fee petition. Because Plaintiffs have demonstrated their eligibility for a fee award as to the merits of the underlying case, Plaintiffs are also entitled to an award of fees and expenses set forth in their supplemental fee application "absent unreasonably dilatory conduct."

See I.N.S. v. Jean, 496 U.S. 154, 159 (1990) (holding that "only one threshold determination for the entire civil action is to be made" regarding Plaintiffs' eligibility for recovering fees and expenses under EAJA).  See id. at 161 (concluding that "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action.") (emphasis added).  There is no "unreasonably dilatory conduct" that would render inappropriate an award of fees for time spent preparing an opposition to Defendants' Motion.  Defendants generated the need for additional work by filing an unnecessary post-judgment motion that advanced a new legal theory for authority to take wolves in Michigan and Wisconsin and that requested an amendment of the judgment.  Plaintiffs would not have had to incur the time and expenses for preparing an opposition but for the Defendant's Motion.  In addition, by opposing the Defendants' Motion, Plaintiffs were successful in protecting the scope and force of the Court's September 13, 2005 Order.

5. The fees and expenses sought by Plaintiffs are reasonable.

For these reasons, it is hereby

**Ordered** that Plaintiffs' Motion for Leave to file a supplemental fee application is granted.

**Further Ordered** that Plaintiffs are entitled to an award of fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $59,875.63.

Dated: _____          _____

                                        Hon. Ellen Segal Huvelle
                                        United States District Judge

M1:1263948.01